IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EDWINA DECKER, as Administrator of the   )
Estate of MICHAEL P. DICKENSON, JR.;      )
EDWINA DECKER, individually; and           )
MICHAEL DICKENSON, SR., individually,   )
                                                                   )
                Plaintiffs,             )
                                                                   )
v.                                                               )          Case No. CIV-09-72-L
                                                                   )
UNITED STATES OF AMERICA,             )
                                                                   )
                Defendant.          )

# **O R D E R**

This action arises from an April 19, 2007 pre-dawn automobile accident

that occurred in Payne County, Oklahoma, when a Dodge pickup truck driven by

Michael P. Dickenson, Jr., collided with an Oshkosh Palletized Load System truck

driven by Raymond Sublett, a soldier in the United States Army, during a convoy

training operation.  Mr. Dickenson was fatally injured in the crash.  Plaintiffs in this

action include decedent's estate and decedent's natural parents, Edwina Decker

and Michael Dickenson, Sr.  This matter is before the court on multiple motions.

First, the court considers the Partial Motion to Dismiss for Lack of Subject-

Matter Jurisdiction filed by defendant United States of America (Doc. No. 56) in

this action.  Pursuant to Fed. R. Civ. P. 12(b)(1), defendant seeks dismissal of

certain claims in plaintiffs' Amended Complaint (Doc. No. 5), in particular, the

claims appearing in paragraphs 25(c), 26, 27, and 28.  Defendant asserts that the

court lacks subject matter jurisdiction over these claims because they fall within

the discretionary function exception to the Federal Tort Claims Act, i.e., 28 U.S.C.

§ 2680(a).  Plaintiffs filed a response to the motion, generally opposing dismissal,

and defendant filed a reply brief.  For the reasons stated below, the court finds

that the Partial Motion to Dismiss should be denied.

Through the Federal Tort Claims Act (FTCA), Congress has waived

sovereign immunity for the United States in certain tort actions by providing that

the United States is liable "in the same manner and to the same extent as a

private individual under like circumstances."  *See* 28 U.S.C. § 2674.  However,

Congress has enumerated several exceptions to this waiver of sovereign

immunity, including the "discretionary function exception."  *See* 28 U.S.C. § 2680.

The discretionary function exception provides that the United States is not liable

for

> [a]ny claim based upon an act or omission of an employee of the
> Government, exercising due care, in the execution of a statute or
> regulation, whether or not such statute or regulation be valid, or
> based upon the exercise or performance or the failure to exercise or
> perform a discretionary function or duty on the part of a federal
> agency or an employee of the Government, whether or not the
> discretion involved be abused.

28 U.S.C. § 2680(a).  With this exception, Congress intended "to prevent judicial

'second-guessing' of legislative and administrative decisions grounded in social,

economic, and political policy through the medium of an action in tort."  United

States v. Varig Airlines, 467 U.S. 797, 814 (1984).

To fall within the discretionary function exception, the governmental

2

conduct in question must satisfy a two-part test.  <u>Garcia v. U.S. Air Force</u>, 533

F.3d 1170, 1176 (10th Cir. 2008) (referencing two-part analysis in <u>Berkovitz v.</u>

<u>United States</u>, 486 U.S. 531, 536-37 (1988)).  First, the court determines

> whether the challenged conduct "involves an element of judgment or
> choice," in which case it is discretionary and falls within the language
> of the exception, or whether it involves "a federal statute, regulation,
> or policy [that] specifically prescribes a course of action for an
> employee to follow," in which case the exception does not apply.

<u>Kiehn v. United States</u>, 984 F.2d 1100, 1102 (10th Cir. 1993) (quoting <u>Berkovitz</u>,

486 U.S. at 536).  That is, the exception does not apply when a government

employee "fail[s] to follow specific directions contained in . . . applicable

regulations [because,] in those instances, there [is] no room for choice or

judgment."  <u>United States v. Gaubert</u>, 499 U.S. 315, 324 (1991).  Nevertheless, if

the first element of the test is satisfied, i.e., choice or judgment is involved, the

court "then consider[s] the second element — whether the decision in question is

one requiring the exercise of judgment based on considerations of public policy."

<u>Garcia</u>, 533 F.3d at 1176 (citing <u>Berkovitz</u>, 486 U.S. at 536-37).  "[I]f a plaintiff can

establish that either element is not met, the plaintiff may proceed because the

exception does not apply."  <u>Id.</u>

District courts have exclusive jurisdiction over FTCA claims.  28 U.S.C. §

1346(b)(1).  However, when an exception applies, the court does not have

subject matter jurisdiction over that claim, and the claim must be dismissed.  *See*

<u>Domme v. United States</u>, 61 F.3d 787, 789 (10th Cir. 1995) (noting applicability of

discretionary function exception presents threshold jurisdictional question); *see also* Fed. R. Civ. P. 12(h)(3) (requiring court to dismiss action when subject matter jurisdiction is lacking).  The plaintiff bears the burden of establishing that an FTCA claim is within the court's subject matter jurisdiction – that the claim fits within the FTCA's waiver of sovereign immunity and that it is not subject to an exception.  *See* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (reiterating burden of establishing jurisdiction on party asserting it); Aragon v. United States, 146 F.3d 819, 823 (10th Cir. 1998) (placing burden on plaintiff to establish inapplicability of FTCA exception in establishing subject matter jurisdiction).

A motion to dismiss for lack of subject matter jurisdiction generally attacks the complaint's allegations in one of two ways: a facial attack or a factual attack. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).  A facial attack questions the sufficiency of the complaint's allegations, and a factual attack questions the facts used to support the complaint's allegations.  Id. at 1002-03.  Here, the motion to dismiss appears to be a facial attack.[1]  "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Holt, 46 F.3d at 1002.

---

[1] In their Response, plaintiffs characterize Defendant's Motion as a facial attack. Plaintiffs' Response and Objection to Defendant's Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction at 4 (Doc. No. 61).  In reply, defendant does not challenge that characterization and further alleges that the Amended Complaint, as well as plaintiffs' responses to discovery requests, impermissibly excluded the specific military regulations upon which plaintiffs intend to rely at trial.

The allegations challenged as facially insufficient in plaintiffs' Amended

Complaint are as follows:

> . . . .
> [25.](c) That Defendant operated its convoy and/or its vehicle(s) in a
> manner not reasonable and proper by, among other things, the
> "stealth" nature of its convoy and/or vehicle(s);
> . . . .
> 26. Defendant failed in . . . complying with regulations, policies,
> and/or procedures which [sic] could have prevented the collision
> from occurring.[2]
> 27. Defendant was negligent in failing to investigate and choose a
> competent driver to operate the convoy vehicle(s) involved in the
> collision.
> 28. Defendant knew or should have known of its driver's unsafe
> driving practices.

Plaintiffs assert that each of these allegations refer to the government's failure to

comply with regulations.  *See* Plaintiffs' Response and Objection to Defendant's

Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. No. 61) at

4, 8-10.[3]  Assuming the challenged allegations to be true, to the extent that these

allegations refer to the failure of a government employee to follow specific

---

[2] In the Amended Complaint, plaintiffs also alleged that "Defendant failed in providing [and] implementing . . . regulations, policies, and/or procedures . . . ."  Amended Complaint at ¶ 26.  However, plaintiffs later "concede[d] that the Federal Tort Claims Act . . . does not waive sovereign immunity for the government's failure to implement regulations in a case such as this."  Plaintiffs' Response and Objection to Defendant's Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction at 3.  Plaintiffs then proceeded to admit that the government's alleged failure to comply is the only allegation in ¶ 26 of the Amended Complaint that remains appropriate for this case, and plaintiffs requested dismissal of the language related to the conceded point.  Id. at 4, 11.  Therefore, deeming it now immaterial matter, the court hereby considers "providing, implementing, and/or" as stricken from ¶ 26 of the Amended Complaint. *See* Fed. R. Civ. P. 12(f)(1).

[3] Whether plaintiffs will be permitted to introduce evidence of applicable regulations after allegedly failing to comply with defendant's discovery requests is an evidentiary matter beyond the scope of this order.

directions contained in an applicable regulation, the discretionary function exception does not apply.  That is, such conduct – violation of a course of action specifically prescribed by regulation – would lack the requisite element of judgment or choice, and thus, the first element of the <u>Berkovitz</u> test could not be satisfied.  Without satisfaction of the first element, i.e., the involvement of judgment or choice, the court does not proceed to an analysis for the second element, i.e., whether the decision involved considerations of public policy.  Both elements must be satisfied for the discretionary function exception to apply.  Again, assuming the challenged allegations refer to the failure of a government employee to follow specific directions contained in an applicable regulation, then neither element of the <u>Berkovitz</u> test has been satisfied, and thus, the exception does not apply.  In the absence of an applicable exception, the court has subject matter jurisdiction over an FTCA claim.  Therefore, Defendant's Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. No. 56) should be and is hereby DENIED.

The court now considers Defendant's Motion for Partial Summary Judgment or, in the Alternative, Partial Dismissal (Doc. No. 60).  Pursuant to Fed. R. Civ. P. 56(a), defendant seeks an order granting summary judgment on certain allegations in plaintiffs' Amended Complaint related to plaintiffs' negligence cause of action, in particular, the allegations appearing in subparagraphs 25(a), 25(b), 25(d), and 25(e).  Defendant asserts that, based on the undisputed facts,

plaintiffs are unable to meet their burden of proof for these allegations in establishing the requisite duty of care element for a negligence claim and that, therefore, defendant is entitled to judgment as a matter of law for the specified allegations.  Defendant argues, in the alternative, that the court should dismiss the referenced allegations for lack of subject matter jurisdiction.  Plaintiffs filed a response to the motion, and defendant filed a reply brief.  For the reasons stated below, the court finds that the Motion for Partial Summary Judgment or, in the Alternative, Partial Dismissal should be denied.

Summary judgment is appropriate if the pleadings, affidavits, and depositions "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally,

> the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The undisputed and admitted facts relevant to deciding this motion were generally set forth in the first paragraph of this order.  Having considered the parties' filings and the undisputed facts vis-à-vis the allegations at issue in the

Amended Complaint – subparagraphs 25(a), 25(b), 25(d), and 25(e) – the court cannot say at this juncture that there is no genuine dispute as to any material fact, nor can the court say that plaintiff has completely failed to establish an element essential to plaintiffs' case, namely that defendant owed a duty of care. Therefore, the court cannot find that defendant was not negligent as a matter of law, and thus, partial summary judgment for these allegations is inappropriate. Moreover, the allegations challenged by defendant are facially within the scope of the FTCA.  As previously noted, the court has subject matter jurisdiction over an FTCA claim when, as here, no exception applies.  Therefore, defendant's Motion for Partial Summary Judgment or, in the Alternative, Partial Dismissal (Doc. No. 60) should be and is hereby DENIED.

In summary, defendant's Partial Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. No. 56) is DENIED, and defendant's Motion for Partial Summary Judgment or, in the Alternative, Partial Dismissal (Doc. No. 60) is DENIED.  Defendant's Motion in Limine Regarding Plaintiffs' Retained Expert Mr. Ron Blevins (Doc. No. 58) and Plaintiffs' Motion to Exclude Certain Opinion Testimony of Ronnie Hampton (Doc. No. 59) are still pending before the court, and the court reserves its ruling on these motions.

It is so ordered this 12th day of July, 2012.

_Tim Leonard_
_____
TIM LEONARD
United States District Judge